# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BEN KAEDING,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,<br><br>Defendant. | Civil No. 16-889 (JRT/TNL)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Jennifer G. Mrozik, **HOGLUND, CHWIALKOWSKI & MROZIK, PLLC**, 1781 West County Road B, Roseville, MN 55113, for plaintiff.

Pamela A. Marentette, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Plaintiff Ben Kaeding filed the present action alleging that Defendant Acting Commissioner of Social Security (the "Commissioner") took an adverse action in the dismissal of his application for disability insurance benefits. (Compl. ¶ 3, Apr. 5, 2016, Docket No. 1.) Upon receipt of the entire administrative record from the Social Security Administration ("SSA"), (Admin. R., Aug. 3, 2016, Docket No. 7), both parties filed motions for summary judgment, (Pl.'s Mot. for Summ. J., Oct. 3, 2016, Docket No. 9; Def.'s Mot. for Summ. J., Nov. 7, 2016, Docket No. 12). As relevant to the objections before the Court, the Commissioner moved for summary judgment on the ground that the Court lacked jurisdiction because the SSA never made a "final decision" as required by

42 U.S.C. § 405(g).  The Administrative Law Judge ("ALJ") issued an Order of Dismissal after Kaeding failed to appear at a scheduled hearing and, upon Kaeding's request to vacate, found Kaeding had not established good cause to vacate the Order of Dismissal.  (Admin. R. 6-7, 28-29, 45-46.)

After a thorough review of the administrative record, U.S. Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R") recommending that the Court grant the Commissioner's motion for summary judgment and deny Kaeding's motion for summary judgment on the ground that the Court lacks jurisdiction.  (R&R, June 19, 2017, Docket No. 15.)  The magistrate judge found that the Order of Dismissal is not a "final decision" as required by statute and, therefore, the Court lacks jurisdiction to review the ALJ's decision.  (*Id.* at 22-23.)  Kaeding timely filed objections to the R&R, disputing the magistrate judge's finding that the Order of Dismissal is not a "final decision."  The Court will overrule Kaeding's objection and adopt the R&R.

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews *de novo* a

"properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II. OBJECTION TO R&R

Kaeding objects to the magistrate judge's recommendation that the Court lacks jurisdiction to review the ALJ's decision. Absent an express waiver, sovereign immunity protects the United States and its agents from suit. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *United States v. Kearns*, 177 F.3d 706, 709 (8th Cir. 1999). A district court lacks jurisdiction to hear a case against the United States or its agents unless sovereign immunity has been expressly waived. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Kearns*, 177 F.3d at 709.

By statute, an individual can only obtain review "by a civil action" of "any **final decision** of the Commissioner of Social Security made **after a hearing to which he [or she] was a party**." 42 U.S.C. § 405(g) (emphasis added); *see also id.* § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed" except under section 405(g)). A waiver of sovereign immunity for review of a SSA decision only occurs where "a claimant . . . presented a claim for benefits to the

- 3 -

[Commissioner] and exhausted the administrative remedies prescribed by the [Commissioner]."[1]  *Schoolcraft v. Sullivan*, 971 F.2d 81, 84-85 (8th Cir. 1992).

Courts have consistently held a claimant fails to exhaust his or her administrative remedies when an ALJ issues an Order of Dismissal on procedural grounds, including a claimant's failure to appear for a scheduled hearing.  *Haynes v. Apfel*, 205 F.3d 1346 (8th Cir. 2000) (unpublished) ("[T]he district court lacked jurisdiction to review the ALJ's decision because Haynes's hearing request was dismissed after he failed to appear, and thus no hearing was ever held."); *Brandyburg v. Sullivan*, 959 F.2d 555, 562 (5th Cir. 1992) ("[I]t is the fact of dismissal on procedural grounds at the administrative stage, not the form of the Appeals Council's decision, that deprives the district court of jurisdiction under section 405(g).").

Further, an ALJ's decision that there is no good cause to vacate an Order of Dismissal, and the Appeals Council's denial of a request to review the good cause determination, does not constitute a "final decision."  *See Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995) ("[T]he Secretary's determination of no good cause to extend the period for appeal . . . is . . . not subject to judicial review under § 405(g)."); *Smith v. Heckler*, 761 F.2d 516, 519 (8th Cir. 1985) (holding the Appeals Council's dismissal of plaintiff's untimely request for review was not a final decision); *Ogbe v. Astrue*, No. 10-738, 2010 WL 6463875, at *4 (D. Minn. Dec. 27, 2010) ("Consideration of the merits of

---

[1] The administrative review process includes the following steps: (1) initial determination; (2) reconsideration; (3) ALJ hearing; and (4) Appeals Council review.  20 C.F.R. § 404.900(a).  A claimant must complete all of the steps in the administrative review process before the SSA makes a "final decision."  *See id.* § 404.900(a)(5).

good cause for untimely filing of a request for review is not the type of agency decision that is judicially reviewable."), *adopted by* 2011 WL 1260094 (D. Minn. Apr. 5, 2011); *Lyons v. Astrue*, No. 12-1, 2013 WL 64648, at *3 (E.D. Mo. Jan. 4, 2013) ("[B]ecause Mr. Lyons's request for a hearing was untimely and the [ALJ] issued an Order of Dismissal of Mr. Lyons's request and the Appeals Council denied the claimant's request for review of the Order of Dismissal, the court does not have subject matter jurisdiction over this case.").

Here, the ALJ issued an Order of Dismissal when Kaeding failed to appear at his administrative hearing. (Admin. R. 42-46.) Kaeding filed a request to vacate the Order of Dismissal, (*id.* at 28-30), and the ALJ determined Kaeding failed to establish "a good cause reason to vacate the dismissal order," (*id.* at 29). Kaeding filed a request for reconsideration, (*id.* at 8-27), but the ALJ again found Kaeding failed to establish good cause, (*id.* at 6). Kaeding submitted a request to the Appeals Council, who determined there was no reason under the rules to review the ALJ's dismissal. (*Id.* at 3.) Under this set of facts, the Commissioner never made a "final decision" subject to review by this Court. *See Brandyburg*, 959 F.2d at 562 (noting a district court cannot review a "dismissal on procedural grounds at the administrative stage . . . under section 405(g)"). Therefore, the Court lacks jurisdiction to review the ALJ's decision, and the Court will

overrule Kaeding's objection, adopt the R&R, and grant the Commissioner's motion for summary judgment.[2]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff Ben Kaeding's objections [Docket No. 17] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 19, 2017 [Docket No. 15]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Ben Kaeding's Motion for Summary Judgment [Docket No. 9] is **DENIED**.

2. Defendant Nancy A. Berryhill's Motion for Summary Judgment [Docket No. 12] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 13, 2017          s/John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                                                 Chief Judge
                                     United States District Court

---

[2] To the extent Kaeding raises a procedural due process argument, the Court will not consider the argument because it was not raised with the magistrate judge. *See Terry v. Fischer*, 21 F.3d 433 (8th Cir. 1994) (unpublished) ("We do not consider Terry's equal protection claim because it was raised for the first time in his objections to the magistrate's recommendations on defendants' summary judgment motion."); *see also Mitcheal v. Colvin*, 809 F.3d 1050, 1055 (8th Cir. 2016) (noting an exception to the precedent that a Court lacks jurisdiction to review a refusal to reopen a proceeding exists where "the claimant challenges the refusal to reopen the proceeding on constitutional grounds" (quoting *Efinchuk v. Astrue*, 480 F.3d 846, 848 (8th Cir. 2007)).